IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JABARI WRIGHT, | ) | CASE NUMBER: 8: 15-CV-00268 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ROMONA'S RESTAURANT; LOUIS G. GODOY AND DOES 1-5 | ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Jabari Wright, through his undersigned counsel, hereby files this Complaint and sues Romona's Restaurant, a Nebraska entity, for injunctive relief, attorney fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, JABARI WRIGHT, (hereinafter referred to as "Mr. Wright" or "Plaintiff") is a resident of Douglas County, Nebraska.

4. Mr. Wright is a qualified individual with a disability under the ADA. Mr. Wright is a wheelchair-bound paraplegic and is disabled.

5. Mr. Wright's disability, at all time's material hereto, impairs his ability to walk, a major life activity, and requires him to use a wheelchair to ambulate.

1

6. Defendant, Romona's Restaurant and Louis G. Godoy are and at all times mentioned were a duly organized business, association, or corporation duly authorized to exist and operate within the State of Nebraska and the owner, lessee, or tenant of the premises located at 6502 N. 30th Street, Omaha, NE  68112 and doing business as Romona's (hereinafter the "Property").

7. Plaintiff, on information and belief, alleges that defendant Louis G. Godoy is the owner and/or landlord of defendant Romona's.

8. Plaintiff is ignorant of the defendants sued as Does 1-5.  Plaintiff sues them in their fictitious names as Doe defendants. Upon information and belief, Plaintiff alleges that Does 1-5 are the owners, operators, lessees or tenants of the subject property and each of the Doe defendants at all times herein was acting as the agent and or representative of each other and thereby are responsible in some manner for the injuries and damages complained of herein. Plaintiff will seek leave of court to amend this complaint to name Doe defendants when the same is ascertained.

9. All events giving rise to this lawsuit occurred in the District of Nebraska.

## COUNT I

## (VIOLATION OF TITLE III OF THE ADA)

10. Plaintiff realleges and incorporates in this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

11. The Property, a restaurant, is open to the public and provides goods and services to the public.

12. Plaintiff visited the Property and attempted to utilize the facilities offered at the Property.

13. While at the property, Mr. Wright experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

14. Mr. Wright continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

15. Mr. Wright has concrete plans to visit and will visit the Property in the near future to utilize the goods and services offered thereon.

16. Defendants are in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR §36.302 *et seq*. and are discriminating against the Plaintiff due to Defendant's failure to provide and/or correct the following barriers to access which were personally observed, encountered and which hindered Plaintiff's access:

   A. Failure to comply with ADA Accessibility Guidelines (hereinafter referred to as the "ADAAG") for parking:
      I. No designated "Van Accessible" parking spaces, and there are no signs showing the words "VAN ACCESSIBLE" in parking lot; (ADAAG 4.1.2 (5)(b));
      II. Regular Disabled parking space - Not appropriate width or length. There are no "Regular Disabled Loading and Un-Loading Access Aisles" in parking lot (ADAAG 4.6.3);
      III. No signage installed - No emblems painted on the ground surface (ADAAG 4.6.4);
      IV. Access Route – A Visible Route of Travel (ADAAG 4.1.3(2), 4.3.2.(2))
      V. Curb Ramp Project into Vehicular Traffic (ADAAG 4.7.6)
   B. Failure to comply with ADA Accessibility Guidelines (hereinafter referred to as the "ADAAG") for bathrooms:
      I. No International Symbol Signage of accessibility located near the restroom (ADAAG 4.30.6)
      II. No insulated covers on pipes under lavatories to protect against contact; (ADAAG 4.19.4; 4.24.6)

3

    III.    Knee clearance (ADAAG 4.19.2)

    IV.    Grab bars – Length; Proper extension from water closet; Distance from rear wall; Bathroom rear Grab bar (ADAAG 4.17.6)

    V.    Accessories and Fixtures (ADAAG 4.23.7)

    VI.    Toilet Stall – Size/Clearance (ADAAG 4.17.3)

    VII.    Improper hardware on Door/Stall (ADAAG 4.13.9)

17. Defendants either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

18. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether barriers to access stated herein have been remedied.

19. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

20. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgement against Defendants and requests the following injunctive relief:

A. That the Court declare the Property owned, leased, leased to and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court award reasonable attorney fees, costs (including expert fees) and other expenses of suit to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

RESPECTFULLY SUBMITTED,

BY:   *s/Ross Pesek*
ROSS R. PESEK # 24636
PESEK LAW, LLC
1904 Farnam Street, Ste. 410
Omaha, Nebraska 68102
(402) 342-9684
(402) 342-9683 (fax)
ross@peseklaw.com
*Attorney for Plaintiff*