# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JABARI WRIGHT,<br><br>                             Plaintiff,<br><br>vs.<br><br>ROMONA'S RESTAURANT, LOUIS G. GODOY, AND DOES 1-5,<br><br>                            Defendants. | 8:15CV268<br><br>MEMORANDUM<br>AND ORDER |

This Matter is before the Court on the Objection to Magistrate Judge F.A. Gossett, III's Order (Filing No. 26) ("Objection") filed by Plaintiff Jabari Wright ("Wright"). For the reasons discussed below, the Objection will be overruled.

## BACKGROUND

Wright filed this action against Defendants Romona's Restaurant, Louis G. Godoy, and various unnamed defendants (collectively "Defendants") on July 20, 2015, seeking injunctive relief for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213 ("ADA") and portions of 28 CFR § 36. (*See* Filing No. 1.) On October 2, 2015, Wright served Defendants with a set of requests for admission pursuant to Federal Rule of Civil Procedure 36. (Filing No. 19 ¶ 1.) On December 2, 2015, the Rule 26(d) Report of the Parties' Planning Conference was filed. (*See* Filing No. 17.) The requests for admission were not received by Wright as of January 18, 2016. (Filing No. 19 ¶¶ 4–5.)

On January 4, 2016, Wright filed a motion with Judge Gossett to deem admitted those matters within the requests (Filing No. 19) ("Motion"). Defendants did not respond to the Motion. (Filing No. 20.) On March 2, 2016, Judge Gossett issued an order

denying Wright's Motion (Filing No. 20) ("Order"). Because the requests were served prior to the Parties' Rule 26(f) planning conference, Judge Gossett held that the requests were served prematurely under Federal Rule of Civil Procedure 26(d) and refused to deem them admitted. (*Id.*)

On March 7, 2016, Wright filed a motion seeking reconsideration of Judge Gossett's Order (Filing No. 22), which Judge Gossett denied in an order dated March 9, 2016 (Filing No. 24). On March 17, 2016, Wright filed this Objection to the Order alleging that it was contrary to law. (Filing No. 26.)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040 (S.D. Iowa 2010) (internal quotation marks omitted).

## DISCUSSION

Wright argues that Judge Gossett's Order was contrary to law. Wright notes that at least one case from another district has held that, under Rule 36(a)(3), a party served with a request for admission has a duty to respond or object to the request within thirty

days, even if that request is premature and improper under Rule 26. (Filing No. 26-1 at ECF 2–3 (citing *Madison v. Harford Count, MD*, 268 F.R.D. 563, 565 (D. Md. 2010)).) Wright argues that, according to *Madison,* the Defendants were obligated to respond to the requests, regardless of their prematurity, within thirty days of the filing of the Rule 26(d) report of the Parties' planning conference; and, when Defendants did not respond, the facts in the requests were deemed admitted. Wright also notes that several districts have held that Rule 36(a)(3) operates extra-judicially and without the need for a motion to establish the admission. (Filing No. 26-1 at ECF 4 (citing *Broad. Music, Inc. v. L.S. Horne Inv. III, LLC*, WL 1812777 (N.D. Ga. 2015); *Lesofski v. Lash*, 2013 WL 6076428 (D. Ariz. 2013); S*mith v. Pacific Bell Telephone Co., Inc.*, 662 F.Supp.2d 1199 (E.D. Cal. 2009)).)

Wright also asks this Court to treat Rule 36 requests for admission like Rule 34 discovery requests for purposes of the recently codified Rule 26(d)(2). (*See* Filing No. 26-1 at 4–5.) Under Rule 26(d)(2), a party may deliver Rule 34 discovery requests twenty-one days after the summons and complaint are served and prior to the Rule 26(f) planning conference. *See* Fed R. Civ. P. 26. The requests are considered served, and the timing requirements for responses begin to run, at the first Rule 26(f) planning conference. Fed R. Civ. P. 26(d)(2)(B).

Wright may be correct that the reasoning behind Rule 26(d)(2)—"to facilitate focused discussion during the Rule 26(f) conference"[1]—may be served through the early submission of Rule 36 requests for admission as well as Rule 34 discovery requests. It is noted, however, that although Rule 36 requests for admission are subject

---

[1] Fed. R. Civ. P. 26 advisory committee's note to the 2015 amendment.

3

to discovery cutoff deadlines[2] "[s]trictly speaking Rule 36 is not a discovery procedure at all[.]"[3] Finally, the drafters of the 2015 amendment to Rule 26 could have included Rule 36 requests for admission when describing options for early discovery requests, but instead limited the scope of such requests to those submitted under Rule 34. *See* Fed. R. Civ. P. 26(d)(2).

For these reasons, Judge Gossett's Order is not clearly erroneous nor contrary to law, and Wright's Objection will be overruled. Accordingly,

IT IS ORDERED: Plaintiff Jabari Wright's Objection to Magistrate Judge's Order (Filing No. 26) is overruled.

Dated this 19th day of May, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[2] *See* 8B Wright & Miller § 2257 (citing *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001) ("A substantial number of other courts . . . have treated requests for admissions as being subject to discovery cutoff dates.")) ("Even though they are not technically discovery requests, requests for admissions have been held subject to discovery cutoff dates.").

[3] *Id.* § 2253.